UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ANTONIO ERAZO MELGAR,<br>Petitioner,<br>v.<br>WARDEN AT GOLDEN STATE ANNEX,<br>Respondent. | No. 1:26-cv-06812-DAD-SCR (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 2, 7) |

On August 22, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On August 25, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) That same day, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that it has to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On August 27, 2026, respondent filed a motion to dismiss the petition. (Doc. No. 7.) Therein, respondent argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) because the government provided petitioner will all of the process that he is entitled to under that statutory provision and its implementing regulations. (*Id.* at 1–3.) Respondent does not oppose this court ruling directly on the merits of the underlying petition, and the court will do so. (*Id.* at 3.) Respondent has offered evidence establishing that petitioner was previously encountered by immigration authorities. (Doc. No. 7-1 at 3.) Respondent's evidence also establishes that petitioner was re-detained by ICE officers on or about August 17, 2026 without prior notice or a pre-detention hearing before a neutral adjudicator at which a change in circumstances was established. (*Id.* at 1–3.)

In light of the evidence that petitioner was previously encountered by immigration officials, the court incorporates the reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025) and concludes that petitioner's re-detention without notice or a pre-deprivation hearing violates due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus and order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Ricardo Antonio Erazo Melgar, 237-001-775, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about August 17, 2026;

    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice or a hearing before an immigration judge at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

c. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to renewal on a properly noticed and supported motion;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. Respondent's motion to dismiss (Doc. No. 7) is DENIED;

4. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 4, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE